**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CLOVIS LIVESTOCK AUCTION, INC.

Plaintiffs,

v. Civ. No. 24-1296 GBW/DLM

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY,

Defendant.

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S INCOME DAMAGES FOR NON-DISCLOSURE**

THIS MATTER comes before the Court on Defendant's Motion to Exclude Plaintiff's Income Damages for Non-Disclosure. *Doc. 69*. Plaintiff filed a Response in opposition and Defendant filed a Reply. *Docs. 71*, *73*. The Court, being fully informed, finds Defendant's motion is well-taken and will GRANT IT IN PART.

## I. RELEVANT BACKGROUND

On August 14, 2026, Defendant Nationwide filed a Motion for Summary Judgment. *Doc. 55*. Plaintiff filed a Response in opposition on August 28, 2026. *Doc. 56*. Included as an exhibit to Plaintiff's Response was an unsworn declaration made by Plaintiff's principal, Charles Rogers. *Doc. 56-1*. In his declaration, Mr. Rogers alleged that Clovis Livestock Auction, Inc. had begun conducting horse auctions at a facility in Levelland, Texas in 2020 due to the COVID-19 pandemic. *Id.* at ¶ 7. Though Plaintiff

had intended to move the auctions back to the Clovis property, the sales were still being conducted in Levelland due to roofing problems caused by the hail damage at the center of this case. *Id.* Accordingly, Mr. Rogers stated that over three years, Plaintiff had lost approximately $1,200,000 in net income and $240,000 in rental expenses due to having to conduct horse sales in Levelland as opposed to at the Clovis property. *Id.* at ¶ 9.

On September 28, 2026, Defendant filed the present motion to exclude Mr. Rogers' alleged lost income damages, arguing that they had not been previously disclosed. *Doc. 69*. Plaintiff filed a Response in which it alleged that Defendant had been on notice of the damages and any prejudice suffered by Nationwide was caused by its own failure to adequately perform discovery. *Doc. 71*. Defendant filed a Reply. *Doc. 73*.

## II. LEGAL STANDARD

Rule 26 requires, *inter alia*, that:

> a party must, *without awaiting a discovery request*, provide to the other parties…a computation of each category of damages claimed by the disclosing party—who must make available for inspection and copying…the documents…on which each computation is based, including materials bearing on the nature and extent of the injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). The rule "requires more than a reference in the pleadings and deposition testimony about a party's losses; rather the rule specifically requires a computation of each category of damages supported by

documentation." *Blackwater Draw Dairy, LLC v. Lambright*, 2013 WL 12246638, at *1 (D.N.M. Feb. 8, 2013) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)).

As the Advisory Committee Notes explain, the rule:

> imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34.

Advisory Committee Notes (1993 Amendment). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information as evidence at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Although the determination of whether a Rule 26(a) violation is substantially justified or harmless "is entrusted to the broad discretion of the district court," the Tenth Circuit has provided four factors to "guide [the district court's] discretion": (1) prejudice or surprise to the opposing party; (2) ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial setting; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

## III. ANALYSIS

### a. Compliance With Local Rule 7.1

As a threshold matter, the Court will address Plaintiff's allegation that Defendant failed to seek its concurrence in the filing of this motion in violation of Local Rule 7.1(a). *Doc. 71* at 2. Under D.N.M.LR-Civ. 7.1(a), a moving party "must determine whether a motion is opposed, and a motion that that omits recitation of a good-faith request for concurrence may be summarily denied." Plaintiff asserts that Defendant never attempted to ascertain its position before filing the present Motion to Exclude. *Doc. 71* at 2. Defendant acknowledges that it inadvertently filed the motion before determining Plaintiff's position, but upon realizing the error, contacted Plaintiff and conferred twice over the phone to discuss a possible resolution. *Doc. 73* at 1; *see also doc. 73-1*.

The Court finds that this error is harmless in this instance as the parties did meet and confer regarding the motion. Accordingly, the Court concludes that justice and judicial economy would be best served by addressing the merits of Defendant's motion and will waive any violation of Local Rule 7.1(a).

### b. Plaintiff Failed to Disclose Damage Computations

Rule 26(a) governs initial disclosures and provides that the parties must disclose "a computation of any category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). As part of Plaintiff's initial disclosures, Plaintiff indicated that it was seeking the following categories of damages:

a. Breach of Contract Damages in the amount of $1,202,549.72, minus prior payments and the applicable deductible;
b. Punitive Damages for violations of NM Stat § 59A-16-20 and New Mexico Uniform Jury Instruction 13-1718; and,
c. Reasonable costs and attorney's fees as described in NM Stat § 59A-16-30.

*Doc. 69-1* at 3-4. Plaintiff also reserved "the right to amend or supplement its damages calculations based upon increased costs of construction, independent injuries, or any other damages caused by Defendant's conduct." *Id.* at 4. Notably absent from Plaintiff's initial disclosures is any computation of "lost income" and "rental expense" that was claimed as part of the Response filed August 28, 2026. *Doc. 56-1* at ¶ 9.

Nonetheless, Plaintiff argues that the computation of such damages was timely disclosed because (1) Plaintiff reserved the right to present other damages at trial and (2) its principal, Mr. Rogers, informed Defendant that he would be seeking lost income damages during his deposition on July 31, 2026. *Doc. 71* at 2-6. Therefore, the "methodology for lost business income" and "facts supporting Nationwide's breach as the cause of the lost business income" were properly disclosed under Rule 26. *Id.* at 5.

The Court finds Plaintiff's arguments unpersuasive. Its argument based upon a "reservation" of a "right" to seek other damages is particularly specious. Rule 26 very clearly requires "a computation of each category of damages" and "documents or other evidentiary material…on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). As described above, the Rule creates a duty of disclosure which means that a plaintiff must affirmatively come forward with the computation as soon as it can

reasonably do so. Claiming a right to supplement and vaguely mentioning "independent injuries" or "any other damages caused by Defendant's conduct" is insufficient to satisfy its duty.

When viewed closely, Plaintiff's second argument fares no better. While Mr. Rogers asserted the existence of loss income damages in his July 31, 2026, deposition, he certainly did not provide a computation of such damages and indeed alleged that the lost income damages were encompassed by "punitive damages." *See doc. 71-1* at 51:9-52:6. In the end, when pressed, he simply said that he could get the information necessary for the computation. *Id*. Said information was not provided until Mr. Rogers' August 28, 2026, declaration and Defendant was not provided with a particularized computation until October 13, 2026. *Docs. 56-1, 71-2, 71-3.*

Accordingly, the Court finds that, at least until August 28, 2026, Plaintiff violated Rule 26 by failing to disclose a computation of its lost net income and rental damages. As such, the Court must now determine whether the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

**c. Plaintiff's Failure to Disclose was Not Substantially Justified or Harmless**

As noted above, the Tenth Circuit has provided four factors to "guide [the district court's] discretion" on this point: (1) prejudice or surprise to the opposing party; (2) ability of the party to cure the prejudice; (3) the extent to which introducing such

testimony would disrupt the trial setting; and (4) the non-disclosing party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

Plaintiff addresses these factors with a number of arguments. First, broadly speaking, Plaintiff appears to argue that Defendant cannot claim surprise because it should have done discovery better. *Doc. 71* at 2, 7. The Court rejects this argument because it fails to recognize the fundamental fact that it is the Plaintiff's duty to disclose the damage computation. Plaintiff also argues that Nationwide knew about Clovis' lost income claim three months before trial, that Nationwide had a complete opportunity to question Mr. Rogers about his methodology for calculating the lost business income, and (3) Plaintiff has now produced the relevant documents supporting the calculations. *Doc. 71* at 7. Plaintiff argues in the alternative that even if the Court were to find prejudice from the late disclosure, the proper remedy would not be exclusion of evidence but rather ordered disclosure of damage computations and supporting documentation, which have already been provided. *Id.* at 10.

Considering the *Woodworker's* factors, *see Woodworker's Supply*, 170 F.3d at 993, the Court finds that Plaintiff's late disclosure[1] of a computation of lost income and rental expense damages was not substantially justified or harmless.

---

[1] For the purposes of this analysis, the Court will assume that Plaintiff met its computation disclosure obligation on August 28, 2026.

First, Defendant was prejudiced in a number of ways by Plaintiff's late disclosure. The late disclosure prevented it from hiring an expert to dispute those claims of economic loss because its expert disclosure deadline passed on November 15, 2025, or nine months prior to Plaintiff's disclosure. In fact, even if that deadline could have been extended, the deadline for all discovery closed on July 31, 2026, approximately one month before Plaintiff's disclosure. *See doc. 50*. Second, the late disclosure prejudiced Defendant by preventing it from meaningfully deposing Mr. Rogers on the issue. In fact, it was during his deposition that Defendant was first made aware that this type of damage was on the table.

Having established the prejudice, the Court must consider whether it can be cured. In short, with the current trial setting, it cannot. The pretrial conference in this matter will be held in approximately two weeks and the trial in approximately five weeks. There is no time to reopen discovery to cure this prejudice. Similarly, the centrality of damage issues would make it impossible to equitably introduce this testimony given the uncured prejudice. Finally, the Court considers the question of bad faith and/or willfulness. While there does not appear to be any bad faith motivating the late disclosure, the Court finds that it was willful given the lack of any other explanation for the failure. On this point, the Court notes that Plaintiff presumably knew or could have known the amount of alleged lost income damages far before August 28, 2026. Plaintiff has provided the Court with no satisfactory reason for why it

did not share these computations as part of its initial disclosures as required by Rule 26(a) or why it did not supplement the information as required by Rule 26(e) until after Defendant filed a motion for summary judgment.

Accordingly, the Court finds that the late disclosure was not substantially justified or harmless.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Plaintiff's Income Damages for Non-Disclosure (*doc. 69*) is GRANTED IN PART. Before the Court orders its exclusion from trial, it will permit counsel to argue whether there are other remedies which could render the late disclosure harmless. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information as evidence at trial, unless the failure was substantially justified or is harmless.").

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**